# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TYRONE ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>J. DELEON, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01551-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed November 13, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. We find that plaintiff has stated excessive force claims against defendants Deleon, Gutierrez, Sauvannakham, Lima, and Escalante. We recommend that plaintiff's remaining claims and defendants be dismissed without prejudice and that he be granted leave to amend his complaint.

# I. STATEMENT OF FACTS[1]

Plaintiff was an inmate at California Correctional Institution in Tehachapi ("CCI") during the relevant timeframe. ECF No. 1 at 1. Defendants are employees at CCI. *Id.* at 3-4. Plaintiff describes the incident as follows:

> J. Deleon came to my cell door. He stated, "medical want to see you, and if you don't go, other staff members gone come get you and force you." . . . Then he handcuffed me and then him and c/o L. Escalante escorted me from my cell, supposedly to medical. Then, as we reached into the rotunda c/o E Souvannakham punch[ed] me with a closed fist to the left eye. Then c/o J. Gutierrez, c/o J. Deleon, c/o E. Lime, c/o E. Souvannakham, c/o L. Escalante started hitting me hard[] to the elbows and shin with their expandable batons, for two to three minutes it seemed. After that, c/o D. Garcia stood me up, then c/o J. Gutierrez punched me back to the ground and started choking me, while sergeant I. Vera watched. Then the tower officer c/o S. Sanchez hit the alarm. While all this was going on . . . plaintiff did nothing to provoke these events. [Plaintiff] wasn't resisting or anything. This happened in building 4A, 7A housing unit and [CCI], on February 23, 2017. Then to cover up the beating, c/o J. Deleon wrote me up for the specific offense of "battery on peace officer" to justify the beating they said that I had attacked c/o J. Deleon with my shoulder, the officer which provoke[d] the beating. I never made it to medical for that initial appointment.

*Id.* at 5. Plaintiff suffered lacerations to his left elbow, which required staples; a nasal fracture and swelling; abrasions and scars on both of his shins; and bruising, swelling, and discoloration around his left eye. *See id.*

# II. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

All of the named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of

3

state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged sufficient facts to satisfy the causation requirement.

Plaintiff plausibly alleges that defendants Deleon, Gutierrez, Garcia, Souvannakham, Vera, Lima, and Escalante personally participated in or caused the alleged deprivations. However, plaintiff does not plausibly allege that defendant Sanchez personally participated in or caused the alleged deprivations. Plaintiff's sole allegation against defendant Sanchez is that he "hit the alarm." ECF No. 1 at 5. Plaintiff does not explain how this amounts to participation in the use of excessive force or a violation of defendant Sanchez's duty to protect plaintiff. Thus, the causal link between the alleged action and the violation of any constitutional right is missing with respect to defendant Sanchez.

The remaining question is whether the alleged actions of defendants Deleon, Gutierrez, Garcia, Souvannakham, Vera, Lima, and Escalante violated federal law. Plaintiff's allegations raise Eighth Amendment claims for excessive force and failure to protect. We analyze each in turn.

**A. Excessive Force**

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force" against inmates. *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). For claims arising out of the use of excessive physical force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). To facilitate this inquiry, the Supreme Court has articulated five factors to consider: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7.

Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Id.* at

4

8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Hudson*, 503 U.S. at 9-10 (concluding that blows directed at inmate which caused bruises, swelling, loosened teeth and a cracked dental plate were not *de minimis*).

Here, plaintiff has stated excessive force claims against defendants Deleon, Gutierrez, Souvannakham, Lima, and Escalante because they beat him unprovoked, causing multiple injuries to his face and extremities. These allegations are sufficient to state a claim for excessive force. *See* Fed. R. Civ. P. 8(a).

**B. Failure to Protect**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. *See id.* at 834.

Plaintiff here accuses defendant Garcia of standing up plaintiff in the middle of the beating, only for plaintiff to be punched back down to the ground. Plaintiff accuses defendant Vera of watching while another officer beat and choked plaintiff. Plaintiff has asserted viable claims against defendants Garcia and Vera for failure to protect.

**IV. CONCLUSION**

The court has screened plaintiff's complaint and finds that plaintiff has stated excessive force claims against defendants Deleon, Gutierrez, Souvannakham, Lima, and Escalante; and plaintiff has stated failure to protect claims against defendants Garcia and Vera. We recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**IV.  ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**V.  RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United

6

States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states excessive force claims against defendants Deleon, Gutierrez, Souvannakham, Lima, and Escalante.
2. Plaintiff states failure to protect claims against defendants Garcia and Vera.
3. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
4. If plaintiff files an amended complaint, defendant Sanchez need not respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  May 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204