# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TYRONE ROBERTS,<br><br>    Plaintiff,<br><br>    v.<br><br>DELEON, *et al.*,<br><br>    Defendants. | 1:18-cv-01551-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>(ECF No. 60) |

Plaintiff Brian Tyrone Roberts ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 16, 2020, a settlement conference was held before the undersigned. The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement. (ECF No. 55.)

On January 17, 2020, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (ECF No. 57), and the action was closed, (ECF No. 58).

On April 30, 2020, Plaintiff filed a letter to the Court, stating that on April 9, 2020, $681.33 was deposited into his trust account, but Defendants had agreed to settle the case for the total amount of $1,200.00. (ECF No. 60.) The Court construed the letter as a motion to enforce the settlement agreement and ordered Defendants to file a response within twenty-one days. (ECF No. 61.)

Defendants filed a response on May 19, 2020. (ECF No. 62.) Defendants argue that of the $1,200 settlement amount, $648.83 was paid towards Plaintiff's restitution obligations, and

the remaining balance of $551.17 was paid to Plaintiff, in accordance with the terms of the settlement agreement.  Defendants attach statements supporting Plaintiff's restitution obligations as an exhibit.  Defendants further refer to the trust account statement attached to Plaintiff's original motion in support of the referenced deposit amounts of $648.83 and $551.17 by settlement check number 04230635 on April 9, 2020.  (Id.)

The deadline for Plaintiff to file a response has expired, and the Court has received no communication from Plaintiff.  The motion is deemed submitted.  Local Rule 230(l).

First, the Court notes that in addition to the two deposit line-items referenced by Defendants, there are eight other line-items referencing the same settlement check number, also on April 9, 2020.  (ECF No. 60, p. 2.)  In addition, there are seven more line-items from the same date which do not reference the settlement check, but are categorized as Restitution Fine Payments and Administrative Fees.  (Id.)  Defendants have not clarified whether these line-items are also part of the settlement agreement, and the withdrawal and deposit amounts do not appear to match up to either Plaintiff's restitution obligations, the total settlement amount, or the remaining $551.17 Defendants claim was owed to Plaintiff.  Defendants are admonished that, in the future, they may not simply pick out the specific line-items that support their argument, without clarifying any other line-items that are apparently related to the question at hand.

Nevertheless, based on the information currently before the Court, and in the absence of a reply from Plaintiff contesting Defendants' assertions regarding the trust account deposits, it appears that CDCR has disbursed the settlement funds to Plaintiff in accordance with the terms of the Settlement Agreement.  Therefore, Plaintiff's motion to enforce the settlement agreement, (ECF No. 60), is DENIED.

IT IS SO ORDERED.

Dated:   **July 24, 2020**              /s/ *Barbara A. McAuliffe*              
                                                                   UNITED STATES MAGISTRATE JUDGE